IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Search Warrant | Case No. 22-MJ-742 (TNL) |

**UNITED STATES' OPPOSITION TO MEDIA-INTERVENORS' MOTION TO INTERVENE AND UNSEAL SEARCH WARRANT MATERIALS**

The government hereby responds to the motion by the *Minnesota Reformer* and reporter Tony Webster (the "Movants") seeking the unsealing of all "records filed with this Court in connection with the search warrant" to search a cell phone belonging to Michael J. Lindell (the "Search Warrant Materials"). ECF No. 5, Movants' Motion to Unseal (the "Motion" or "Mot."); ECF No. 7, Movants' Memorandum in Support of Motion to Unseal ("Movants' Mem.") at 2. Movants contend that they are "entitled, as members of the public, to view judicial records" including the Search Warrant Materials under both the First Amendment and the common law right of access. Movants' Mem. at 2, 5. But Movants' right of access is not absolute, and judicial records may remain sealed if such a restriction serves a compelling government interest—particularly where an underlying federal criminal investigation remains on-going. Here, disclosure of the Search Warrant Materials would (1) undermine the compelling law enforcement interests in protecting cooperating witnesses and avoiding the risk associated with providing a roadmap to the government's

investigation in a manner highly likely to compromise future investigative steps and (2) compromise recognized privacy, reputational, and due process interests of a multitude of uncharged individuals. The Motion should therefore be denied.

## BACKGROUND

On September 7, 2022, the government obtained a search warrant from United States Magistrate Judge Tony N. Leung, authorizing the search of Michael J. Lindell for his cell phone, as well as the seizure of his cell phone and records constituting fruits, evidence, or instrumentalities of certain enumerated offenses. On September 13, 2022, the government executed that search warrant on Mr. Lindell in the District of Minnesota. Later that evening, Mr. Lindell gave an interview on his television network describing federal law enforcement agents' execution of the warrant. On September 28, 2022, Movants filed the instant Motion seeking access to:

> (1) the search warrants with any attachments; (2) the warrant application; (3) all probable cause affidavits filed in support of the search warrant; (4) any motion to seal the warrant-related records; (5) any order sealing the warrant-related records; (6) any search warrant return; (7) all docket sheet entries pertaining to filings relating to the search warrant; and (8) any other records filed with this Court in connection with the search warrant . . . .

Movants' Mem. at 2. Movants assert an entitlement to these materials under the First Amendment, *id.* at 5-9, as well as under the common law right of access, *id.* at 10-13. The Court ordered the government to respond to the Motion by October 12, 2022, and a hearing on the Motion is set for October 18, 2022. ECF Nos. 6, 13.[1]

---

[1] Separately, Mr. Lindell filed a civil suit against the United States alleging, *inter alia*, various constitutional violations in connection with the warrant and its execution. *See* Case

# ARGUMENT

Neither the First Amendment nor the common law right of access entitle Movants to the unsealing of the Search Warrant Materials at this time. "The first amendment right of public access is not absolute; it is a qualified right[,]" and it may be overcome if "a restriction of" the right "is necessitated by a compelling government interest" and narrowly tailored to that interest. *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (*Gunn I*) (internal quotation marks and citations omitted). Here, restricting public access to the Search Warrant Materials "is necessitated by a compelling government interest—the on-going investigation." *Id.* As explained in more detail below, unsealing these records would severely compromise the government's on-going investigation, and it would also harm the recognized privacy, reputational, and due process interests of various individuals. Similarly, the common law right of access "is not absolute," as it requires balancing the public's interest in a record "against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-23 (8th Cir. 2013). Given the interests at stake, the

---

No. 22-CV-2290, ECF No. 1 (Complaint). As part of that on-going litigation, Mr. Lindell filed a motion to "inspect and copy all materials submitted to the magistrate judge in support of the Warrant application." ECF No. 38 at 9. U.S. Magistrate Judge Elizabeth Cowan Wright ordered the government to respond to Mr. Lindell's motion by October 14, 2022, and a hearing is set on that motion—as well as on Mr. Lindell's motion for a preliminary injunction—for October 19, 2022, before U.S. District Judge Eric Tostrud. ECF Nos. 24, 48. Although Mr. Lindell's motion and the Movants' Motion raise some overlapping legal issues, Mr. Lindell's motion does not seek *public* unsealing of the Search Warrant Materials. ECF No. 38 at 2 ("It may be that the Warrant application materials need not be made public at this time, but Plaintiffs have a right to see the materials used to convince the Court to issue the Warrant.").

common law right of access affords no greater right than the First Amendment in this context and therefore cannot provide a right to the Search Warrant Materials. *See, e.g.*, *Webster Groves School Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990) ("Given the nature and the circumstances of this case, our decision must be the same whether the case is governed by a First Amendment qualified right of access or a common law right of access.").[2]

### I. The First Amendment Does Not Entitle Movants to Search Warrant Materials During an Active Federal Criminal Investigation

The proceeding for issuing a search warrant is "necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence." *Franks v. Delaware*, 438 U.S. 154, 169 (1978). But the public enjoys a qualified First Amendment right of access to certain criminal proceedings, *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-13 (1986), and the Eighth Circuit has held that this qualified right "extend[s] to the documents filed in support of search warrant applications" after the search warrant has been executed. *See Gunn I*, 855 F.2d at 573.[3]

---

[2] Given that the Court is considering the Motion only a few weeks after reviewing the Search Warrant Materials and approving the warrant application, the government is mindful that this Court is familiar with the highly sensitive contents of some of the relevant documents and the specific harms that would result from their unsealing. If the Court would prefer that the government file a sealed *ex parte* supplement that addresses with greater specificity the contents of the affidavit and the harms that would accompany disclosure, the government is prepared to do so. *See Flynt v. Lombardi*, 885 F.3d 508, 513-14 (8th Cir. 2018) (approving government's *ex parte* filing in support of continued sealing).

[3] Not all circuits recognize a First Amendment right of access to search warrant affidavits. *See, e.g.*, *In re Baltimore Sun Co.*, 886 F.2d 60, 62 (4th Cir.1989) (no First Amendment right of access to search warrant affidavit; common law right of access only); *Times Mirror*

Recognition of this right, however, "'does not mean that the papers must automatically be disclosed.'" *Gunn I*, 855 F.2d at 574 (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Search warrant documents may remain sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to that interest." *Id.* at 574 (internal quotation marks and citation omitted). There must be a "compelling government interest" in sealing and the court must explain, with specific findings, why "sealing was necessary." *Id.* The district court can "even file its statement of reasons and specific findings under seal." *Id.*[4]

Here, the government has a compelling interest in preventing the disclosure of the Search Warrant Materials during an on-going federal criminal investigation, both to protect the investigation and to protect the reputational and privacy interests of uncharged individuals associated with that investigation.

### A. Disclosure of the Search Warrant Materials Would Harm the Government's On-going Federal Criminal Investigation

The Search Warrant Materials here should remain sealed during the pendency of the underlying federal criminal investigation. The Eighth Circuit has recognized that the existence of an on-going federal criminal investigation that has not resulted in any federal indictment strongly tips the balance in favor of non-disclosure of search warrant materials.

---

*Co. v. United States*, 873 F.2d 1210, 1211, 1213-19 (9th Cir. 1989) (holding that "members of the public have no right of access"—under the First Amendment or the common law—"to search warrant materials while a pre-indictment investigation is under way").

[4] Courts may also review materials *in camera* to assess whether sealing would be appropriate. *See Flynt*, 885 F.3d at 513-14; *IDT*, 709 F.3d at 1223.

*See Gunn I*, 855 F.2d at 574 ("The government has demonstrated that restricting public access to these documents is necessitated by a compelling government interest—the on-going investigation."); *see also Certain Interested Individuals, John Does I-V, Who Are Emps. of McDonnell Douglas Corp. v. Pulitzer Pub. Co.*, 895 F.2d 460, 466 (8th Cir. 1990) (*Gunn II*) (recognizing that "the absence of an indictment weighs heavily in favor of the privacy interests and non-disclosure"). The leading case in this area is *Gunn I*, which addressed motions to unseal certain search warrant materials related to warrants executed by federal agents at the St. Louis offices of defense contractor McDonnell Douglas, as part of a highly publicized nationwide investigation into procurement fraud. *Gunn I*, 855 F.2d at 570-71. The search warrant, list of items to be seized, and property receipt for one of these warrants were filed publicly, but all documents related to the other warrant were sealed. *Id.* at 571. After a newspaper filed a motion to unseal the affidavits and other warrant materials, certain limited information from the affidavits was unsealed, but the district court denied the motion as to the balance of the material. *Id.*

On appeal, the Eighth Circuit held that the First Amendment provided a qualified right to search warrant materials but concluded that the government had shown the requisite compelling interest to justify continued sealing of the affidavits and other materials. *Id.* at 574-75. The court emphasized that the compelling interest was "the on-going investigation" and highlighted that the

> documents describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved. Many of the specific allegations in the documents are supported by verbatim excerpts of telephone conversations obtained through court-authorized

> electronic surveillance or information obtained from confidential informants or both. There is a substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released.

*Id.* at 574. The court also concluded that line-by-line redaction was not practicable because the documents contained references to recorded communications, described individuals other than the subjects of the search warrants, and "reveal[ed] the nature, scope and direction of the government's on-going investigation." *Id.* at 574.

As in *Gunn I*, the Search Warrant Materials at issue here relate to an on-going federal criminal investigation that would be severely harmed by premature disclosure of such materials. The relevant documents (in particular, the search warrant affidavit), like the materials in *Gunn I*, "describe in considerable detail the nature, scope and direction of the government's investigation and the individuals and specific [activities] involved." 855 F.2d at 874. Even a cursory review of the 80-page search warrant affidavit here would demonstrate the factual detail and specificity the government provided in support of the search warrant for Mr. Lindell's cell phone. Relatedly, many of the allegations in the affidavit are supported by information obtained from recordings or "obtained from confidential informants." *Id.* at 574; *see also In re Search Warrants in Connection with Investigation of Columbia/HCA Healthcare Corp., in El Paso, Tex.*, 971 F. Supp. 251, 253 (W.D. Tex. 1997) (refusing to unseal search warrant affidavit where doing so could reduce the likelihood of cooperation from various informants). Just as similar "compelling interests" reinforced the need for non-disclosure in *Gunn I* and the *continued* need for sealing even 18 months after the search warrants' execution in *Gunn II*, 895, F.2d at 467

7

(described in further detail below), these compelling interests also justify keeping the Search Warrant Materials sealed at this time (less than one month after the execution of the warrant for Mr. Lindell's phone). *See Goff v. Graves*, 362 F.3d 543, 546, 550 (8th Cir. 2004) (sealing justified to preserve prison security and protect confidential informants); *cf. Flynt v. Lombardi*, 885 F.3d 508, 512-13 (8th Cir. 2018) (sealing important to protect safety of physicians involved in lethal injection protocol).

Line-by-line redaction of the affidavit under these circumstances would be practically impossible for the same reasons the *Gunn I* court rejected the possibility of redaction: the Search Warrant Materials contain references throughout to various recordings, to "individuals other than the subjects of the search warrants," and to the "nature, scope and direction of the government's on-going investigation." 855 F.2d at 574.

    B.    <u>Disclosure of the Search Warrant Materials Would Harm the Privacy and Reputational Interests of Uncharged Individuals</u>

Particularly given the on-going nature of the underlying criminal investigation, the strong privacy interests of numerous unindicted individuals, including Mr. Lindell, also justify keeping the Search Warrant Materials sealed. The Eighth Circuit has repeatedly recognized that such privacy interests weigh heavily in favor of non-disclosure of search warrant materials during federal investigations. Two years after *Gunn I*, the Eighth Circuit was once again asked to weigh in on the unsealing of the search warrant materials at issue in that case. *See Gunn II*, 895 F.2d at 461. Nearly 18 months after the execution of the *Gunn I* search warrants, the same district court overseeing the *Gunn I* litigation agreed to unseal the primary search warrant affidavit in support of the McDonnell Douglas office search

warrants (with certain names redacted). *Id.* at 461-62. By that time, the government no longer opposed unsealing these materials, even conceding that its "investigatory objectives had been attained in part." *Id.* at 462 (alteration omitted). However, the search warrant subjects (who had not yet been indicted) continued to support sealing and appealed the district court's unsealing order, emphasizing the privacy interests implicated by the description of their wiretapped conversations in the search warrant affidavit. *Id.* at 461.

The Eighth Circuit reversed the district court, holding that the affidavit should have been kept under seal primarily because of the pre-indictment status of the investigation. *Id.* at 466-67. The court emphasized that the "procedural posture of the government's criminal investigation must be considered in the balancing process and that the absence of an indictment weighs heavily in favor of the privacy interests and non-disclosure." *Id.* at 466. Although other individuals in the investigation had been indicted, the search warrant affidavit still described in considerable detail the "nature, scope and direction of the government's investigation and the individuals and specific projects involved." *Id.* at 467 (internal quotation marks and citation omitted). The affidavit implicated "some individuals directly in criminal misconduct, others only indirectly," and "[d]isclosure could seriously damage their reputations and careers." *Id.* Ultimately, the court held that the "pre-indictment status of the government's criminal investigation tips the balance decisively in favor of the privacy interests and against disclosure of even the redacted versions of the search warrant affidavits." *Id.*

Since *Gunn I* and *Gunn II*, the Eighth Circuit has regularly upheld the sealing of documents to protect similar interests. *See, e.g.*, *Flynt*, 885 F.3d at 511-13 (refusing to

unseal death penalty litigation documents in order to protect the safety of physicians involved in the execution process); *Goff*, 362 F.3d at 546, 550 (rejecting request to unseal certain records in prisoner litigation to preserve institutional security and protect confidential informants); *Webster Groves*, 898 F.2d at 1375-76 (refusing to unseal civil proceedings involving juvenile delinquency where strong public interest in privacy of juveniles favored sealing, and refusing to redact documents).

As in *Gunn II*, unsealing the Search Warrant Materials implicates the strong privacy interests of individuals who are both "directly" and "indirectly" "implicate[d] . . . in criminal misconduct" by "damag[ing] their reputations and careers." 895 F.2d at 467. The Search Warrant Materials, as suggested by the list of enumerated charges in the search warrant (which include conspiracy), implicate numerous individuals.[5] The privacy and reputational interests of these individuals, many of whom may never be indicted and whose position on public dissemination of the Search Warrant Materials is unknown, strongly supports non-disclosure here. For example, although Mr. Lindell has sought to unseal the Search Warrant Materials, he has suggested that his request does not necessarily encompass unsealing these materials *publicly*. *See* Case No. 22-CV-2290, ECF No. 38 at 2; *see generally Application of Kansas City Star Co.*, 143 F.R.D. 223, 224 (W.D. Mo. 1992) (declining to unseal portions of search warrant affidavit to protect the defendants' right to a fair trial); *cf. United States v. Webbe*, 791 F.2d 103, 105, 107 (8th Cir. 1986) (rejecting

---

[5] To the extent that the Court would benefit from more detailed argument about the privacy interests implicated here, the government is prepared to present such argument in a supplemental *ex parte* filing.

10

news channel's request for access to wiretap recordings because they could adversely impact the defendant's right to a fair trial).

  C.  Movants Cannot Overcome These Compelling Interests

Keeping the Search Warrant Materials sealed is necessary to protect the compelling interests identified by the government—particularly in view of the on-going federal investigation—and Movants' arguments in support of the Motion do not counsel otherwise. Movants assert that unsealing is necessary in large part because of "events *leading up to* the execution of the search warrant," Movants' Mem. at 2 (discussing Mr. Lindell's public advocacy) (emphasis added), but they offer no support for the notion that "events" disconnected from a warrant itself can justify unsealing a warrant. To the extent they assert a more specific public interest in the federal investigation here, *id.* at 7-8, that interest is no greater than the "intense public interest" occasioned by, and "considerable news media attention" paid to, the nationwide procurement fraud investigation in *Gunn I*, 855 F.2d at 570; *id.* at 576 (Heaney, J., concurring in part and dissenting in part) (noting "that the defense contract and procurement scandal in this country represents a public concern of great immediacy and magnitude"); *see also United States v. McDougal*, 103 F.3d 651, 652, 659 (8th Cir. 1996) (refusing to unseal President Bill Clinton's video deposition in criminal trial arising out of independent counsel investigation); *Webbe*, 791 F.2d at 105, 107 (rejecting news channel's request for access to actual wiretap recordings in voter fraud case, despite the strong "public interest in overseeing the integrity of . . . public institutions").

Movants' separate suggestion that the Search Warrant Materials should be unsealed

11

because a purportedly related state prosecution is already underway, Movants' Mem. at 8, also misses the mark. In *Gunn II*, for example, numerous "[o]ther individuals and corporations targeted by [the over 40 search warrants arising from the investigation] ha[d] been indicted" and others had been convicted of related offenses, but the Eighth Circuit nevertheless required continued sealing of the primary search warrant affidavit at issue in the case. 895 F.2d at 467. Similarly, in *Gunn I*, the court ordered continued sealing notwithstanding the public release of another affidavit from the same investigation. 855 F.2d at 575. The existence of an allegedly related state prosecution is therefore irrelevant here. The government has, accordingly, established a compelling interest that justifies continued sealing of the Search Warrant Materials at this time.

Movants also seek unsealing of the docket sheet in this matter. Movants' Mem. at 9. There is no "*per se* rule forbidding the sealing of docket sheets," *Webster Groves*, 898 F.2d at 1377 n.9, and the government does not object to unsealing the docket sheet, subject to an opportunity redact any substantive material. *See Gunn I*, 855 F.2d at 576 (unsealing docket sheets, but authorizing district court to seal the text of motions to seal as well as orders and suggesting that the district court should "review the docket entries and redact any revealing references").

**II. The Common Law Right of Access Does Not Entitle Movants to the Search Warrant Materials**

Movants cannot circumvent the above limitations on the First Amendment right of access by way of the common law right of access. "There is a common-law right of access to judicial records," but that "'right is not absolute.'" *IDT*, 709 F.3d at 1222 (citing *Nixon*

*v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Eighth Circuit has expressly "decline[d] to adopt" a strong presumption in favor of the common law right of access. *Webbe*, 791 F.2d at 106; *see also McDougal*, 103 F.3d at 658 (this Circuit's "deferential standard under the common law is in harmony with the Supreme Court's analysis in *Nixon*"). The decision about public access requires the Court to balance the public interest in the material "against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT*, 709 F.3d at 1223. "[T]he decision as to access is one best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

Although premised on separate legal theories, courts have recognized that in many circumstances, a decision to unseal judicial records "must be the same whether the case is governed by a First Amendment qualified right of access or a common law right of access." *Webster Groves*, 898 F.2d at 1375; *see also Gunn I*, 855 F.2d at 575 (Bowman, J., concurring) (holding that "[t]he common law right of access to judicial records . . . would yield in this case precisely the same result that [the court] ha[s] reached by other means," namely the First Amendment right of access).

Here, Movants are not entitled to the Search Warrant Materials under the common law right of access for essentially the same reasons that they are not entitled to the materials under the First Amendment right of access—the on-going criminal investigation and the likelihood of harm to the reputational and privacy interests of uncharged individuals. As explained above, unsealing the Search Warrant Materials at this time risks significantly undermining the government's investigation. *See, e.g.*, *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) ("[T]he ends of justice would be frustrated, not served,

13

if the public were allowed access to warrant materials in the midst of a preindictment investigation into suspected criminal activity."); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (denying access to search warrant affidavits when "any disclosure of the information there would hamper an investigation," and because of "the preliminary stage of the investigation" and "the impact of the affidavit's release on broader investigations in other districts" (internal quotation marks omitted)); *United States v. Pirk*, 282 F. Supp. 3d 585, 602 (W.D.N.Y. 2017) ("The Government's stated need to maintain confidentiality due to the on-going nature of its investigation is a legitimate basis to justify maintaining the sealing of significant portions of the search warrant affidavit."). Additionally, unsealing risks harming the reputational and privacy interests of individuals connected to the Search Warrant Materials. *See* pp. 8-10, *supra*; *see also United States v. Smith*, 776 F.2d 1104, 1110 (3d Cir. 1985) (explaining that "reputational and privacy interests of third parties might outweigh the strong presumption of public access"); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366, 368 (D. Kan. 1992) (rejecting unsealing of warrant papers under common law right of access where "an indictment has not been issued in this matter" and "the identities of various persons mentioned in the affidavits should be kept confidential to protect their privacy interests and safety").

Contrary to Movants' assertions, these compelling interests are not outweighed by journalists and the public's desire to know "whether the exercise of judicial and executive power associated with executing the warrant is appropriate, what information was presented to justify the warrant, or whether Mr. Lindell is the subject of unfair persecution as he adamantly maintains." Movants' Mem. at 12. But these types of considerations would

14

apply to nearly all search warrant materials—or, at the very least, to all such materials served on individuals who publicly claim unfair persecution—and they are not sufficient to outweigh the significant risks that unsealing the Search Warrant Materials would pose to the on-going federal investigation and to the reputational and privacy interests of third parties at this time. *See* pp. 5-10, *supra*.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Dated: October 12, 2022                                   Respectfully submitted,

ANDREW M. LUGER                                           COREY R. AMUNDSON
United States Attorney                                    Chief, Public Integrity Section
                                                          U.S. Department of Justice


By: /s/ *Craig R. Baune*                                  By: /s/ *Jonathan E. Jacobson*
Craig R. Baune                                            Jonathan E. Jacobson
Assistant U.S. Attorney                                   Trial Attorney
Attorney ID No. 331727                                    Public Integrity Section
600 United States Courthouse                              U.S. Department of Justice
300 South Fourth Street                                   Ill. Bar No. 6317721
Minneapolis, MN 55415                                     1301 New York Ave. NW, 10th Fl.
Phone: 612-664-5600                                       Washington, DC 20005
Email: Craig.baune@usdoj.gov                              Phone: (202) 514-1412
                                                          Email: jonathan.jacobson@usdoj.gov


                                                          JOHN T. LYNCH
                                                          Chief, Computer Crime and
                                                          Intellectual Property Section
                                                          U.S. Department of Justice


                                                          By: /s/ *Frank Lin*
                                                          Frank Lin
                                                          Senior Counsel
                                                          Computer Crime and Intellectual
                                                          Property Section
                                                          U.S. Department of Justice
                                                          Wa. Bar No. 48617
                                                          950 Pennsylvania Ave. NW, Ste. 600
                                                          Washington, DC 20530
                                                          Phone: (202) 514-1026
                                                          Email: frank.lin@usdoj.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f) AND (h)**

I hereby certify that this filing complies with the word limit requirement of Local Rule 7.1(f) and the type-size limit of Local Rule 7.1(h). Specifically, this filing is comprised of 4,336 words, exclusive of the caption, signature block, and this certificate. The type size is 13-point font.

*/s/ Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
