**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A PERSON LOCATED IN THE DISTRICT OF MINNESOTA, DESCRIBED IN ATTACHMENT A, FOR THE ITEMS DESCRIBED IN ATTACHMENT B. | Case No. 22-mj-742 (TNL) |

**MICHAEL J. LINDELL'S AND JUDICIAL WATCH, INC.'S COMBINED CONSENT MOTION TO INTERVENE AND UNSEAL REMAINING DOCUMENTS**

Michael J. Lindell and Judicial Watch, Inc., by counsel, move to intervene in this matter for the purpose of unsealing the remaining documents on the docket. Lindell and Judicial Watch also move to unseal those materials. The Government consents both to the motion to intervene for the limited purpose of moving to unseal the remaining documents on the docket and to the motion to unseal the remaining documents on the docket.

On July 30, 2026, counsel for Lindell and Judicial Watch conferred with counsel for the United States regarding their motion to intervene for the limited purpose of unsealing the search warrant affidavit and related materials and their motion to unseal the search warrant affidavit and related materials. The United States informed counsel that it would move on its own to unseal those materials and provide the Court proposed redacted copies, which it did under seal on August 17, 2026. Redacted versions of the search warrant application, motion to seal the search warrant application, and order granting the motion to seal the search warrant application were made available on the public docket on August 28, 2026.

Subsequent to the United States' motion to unseal, the movants became aware of additional documents under seal, including docket items 24 through 32. During discussions about the United States' motion to unseal the search warrant affidavit and these additional documents, counsel for the United States informed counsel for the movants that the United States would consent to the movants' motion to unseal the remaining documents on the docket.

"America has a long history of distrust of secret proceedings." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (citing *In re Oliver*, 333 U.S. 257, 268-69, 68 S. Ct. 499, 92 L. Ed. 682 (1948) ("[D]istrust for secret trials has been variously ascribed to the notorious use of this practice by the Spanish Inquisition, to the excesses of the English Court of Star Chamber, and to the French monarchy's abuse of the *lettre de cachet*.").) The right of public access to judicial records exists, therefore, to "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *IDT Corp. v. eBay, Inc.*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597-98 (1978); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)).[1] Allowing access to judicial records "also provides a measure of accountability

[1] Although the United States has consented to the movants' motion to intervene, it is worth noting that the courts of this district have allowed permissive intervention for third party challenges to confidentiality orders. *See, e.g., In re Baycol Prods. Litig.*, 214 F.R.D. 542, 543 (D. Minn. 2003). This principle has been extended to judicial records, including with respect to the instant records. (Order at 13, ECF No. 21 (granting intervention by the Media Intervenors and partially granting their motion to unseal search warrant materials).)

to the public at large, which pays for the courts," by laying bear the workings of important government agencies. *IDT Corp.*, 709 F.3d at 1222 (citing *Nixon*, 435 U.S. at 597; *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).)

The United States' consent to this motion removes any need for the Court to resolve a contested application of the right of public access to these judicial records. The party that invoked the sealing authority in the first instance, namely the United States, no longer asserts any interest in continued sealing. Because no party opposes unsealing and the Government affirmatively consents, unsealing the remaining sealed documents is appropriate and no further briefing or hearing is required.

For the foregoing reasons, Michael J. Lindell and Judicial Watch, Inc. respectfully request that the Court enter an order directing the Government to review the remaining sealed docket entries and redact any personal information contained in those documents so that the Clerk of Court may then unseal the docket sheet and the documents that are still under seal.

Dated: September 11, 2026

**BERENS & MILLER, P.A.**

s/Barbara Podlucky Berens
Barbara Podlucky Berens, #209788
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 349-6171
bberens@berensmiller.com

Michael Bekesha (D.C. Bar No. 995749)
Sean O'Donnell (D.C. Bar No. 90040392)
Judicial Watch, Inc.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: mbekesha@JudicialWatch.org

*Counsel for Michael J. Lindell and Judicial Watch, Inc.*

## CERTIFICATION OF CONFERRAL AND CONSENT

Pursuant to applicable local rules, undersigned counsel certifies that counsel conferred with Assistant United States Attorney Craig Baune on August 21, 2026, regarding the relief requested in this motion, and that the United States consents to the motion and to entry of the accompanying proposed order.