UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 22-MJ-742 (TNL)

IN THE MATTER OF THE SEARCH OF A PERSON LOCATED IN THE DISTRICT OF MINNESOTA, DESCRIBED IN ATTACHMENT A, AND FOR THE ITEMS DESCRIBED IN ATTACHMENT B

**SEALED BY ORDER OF THE COURT**
PETITION OF THE UNITED STATES FOR AN ORDER SEALING SEARCH WARRANT, AFFIDAVIT, RETURN, PETITION AND ORDER FOR SEALING

Extension

COMES NOW the United States of America by its undersigned attorneys and in support of its Petition for an Order Sealing Search Warrant, Affidavit, Return, and Petition in the above-captioned matter, states as follows:

1. On September 7, 2022, The Honorable Tony N. Leung issued a warrant authorizing the search of the person described in Attachment A, and for the things described in Attachment B, including the cellular telephone assigned call number [redacted] On the same date, the Court Ordered all documents filed in the above-captioned matter sealed until the close of business on March 7, 2023. The sealing has since been extended until March 7, 2024.

2. The Affidavit of Special Agent J.A. Myszkiewicz, submitted in support of the search warrant, sets forth facts regarding an ongoing investigation into violations of Title 18, United States Code, Section 1028(a)(7) (Identity Theft), Section 1030(a)(5)(A) (Intentional Damage to a Protected Computer), and Section 371 (Conspiracy to Commit Identity Theft and/or to Cause Intentional Damage to a Protected Computer).

The search warrant documents presented to this Court for *in camera* review include detailed and highly sensitive investigative information. Disclosure of the information would jeopardize an ongoing investigation into alleged criminal offenses and the privacy of individuals unlikely to be, and/or who may ultimately not be, indicted.

3. Nondisclosure of the search warrant documents is necessary to prevent the ongoing investigation from being compromised. Immediate public filing of the search warrant documents would, *inter alia*, compromise details about the nature, extent, and scope of the investigation.

4. The search warrant documents contain identifying information of and circumstances relating to an individual involved in criminal activity in some way who may not be indicted in this case. Nondisclosure of the search warrant documents at this stage is necessary to protect the person's identity and/or to minimize the substantial risk that revelation of details set forth in the search warrant documents could cause damage to the person's reputation.

5. Although the subjects of the investigation are aware, generally, of the existence of the investigation, they are not aware of many of the details underlying it or of the current status of the investigation. The search warrant affidavit is 80 pages long and would provide a detailed window into the evidence accumulated by investigators thus far. As this Court determined, releasing material associated with the search warrant would "prejudice the government's on-going investigation" and "redaction on a line-by-line basis [is] impracticable." ECF No. 21 (citation omitted). Those same findings hold true today.

6. The Court's power to prevent disclosure of its files, especially for a limited

period of time, is well established. This general power has been recognized by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

7. The Eighth Circuit has recognized the Court's specific power to restrict access to search warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

8. The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of search warrant documents. For example, the Eighth Circuit has approved sealing search warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved," resulting in "substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Gunn* at 574. Other compelling interests have similarly been recognized as justifying sealing. *Certain Interested Individuals, John Does I-V, Who Are Employees of*

*McDonnell Douglas Corporation v. Pulitzer Publishing Co.*, 895 F.2d 460, 466 (8th Cir. 1990) ("[w]here no indictments have issued against persons allegedly involved in criminal activity, there is a clear suggestion that whatever their truth, the Government cannot prove these allegations. . . . All citizens, whatever their real or imagined past history, are entitled to the protection of a grand jury proceeding.").

9. Moreover, the Eighth Circuit has recognized that search warrant affidavits permeated with references to individuals other than the subjects of the search warrant and/or with information revealing the nature, scope and direction of the government's ongoing investigation may be sealed not only because they present compelling government interests justifying sealing, but also because less restrictive alternatives to sealing are in such circumstances impracticable. *Gunn*, 855 F.2d at 574.

10. Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Warrant, Application, Affidavit of Special Agent J.A. Myszkiewicz, Return, this Petition, and the Sealing Order until the close of business on March 7, 2025, unless a compelling interest is shown by the United States for a continuation of the sealing.

Dated: February 28, 2024

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*s/ Joseph H. Thompson*
BY: JOSEPH H. THOMPSON
Assistant U.S. Attorney